## *In re* TRENCHARD.

1. COSTS: TAXING COSTS AGAINST PROSECUTING WITNESS. The power conferred by § 5086, Rev. of 1860, upon a Justice of the Peace to tax costs to a prosecuting witness, when satisfied that the prosecution was malicious or without probable cause, may also be exercised by the District Court upon a trial of a criminal case on an appeal, though such order has not been made by the Justice before whom it was tried.

2. SAME. This power may be exercised without the hearing of any evidence on the part of the State in addition to that submitted on the trial of the cause, if that is sufficient to show an absence of probable cause; and when the evidence submitted on the trial is not embraced in the record, the Supreme Court will presume that it was sufficient.

3. SAME: PROSECUTING WITNESS. The person who files the information in a criminal proceeding is considered the prosecuting witness.

*Appeal from Delaware District Court.*

THURSDAY, APRIL 14.

NATHANIEL TRENCHARD made oath to, and filed before a Justice of the Peace in Delaware county, an information

charging that S. L. Doggett and N. Skinner were guilty of
the offense of willfully disturbing a worshiping congrega-
tion, contrary to law, &c.    The parties accused were arrested
and brought before the justice for trial, the offense being
within his jurisdiction to try and determine.

Trenchard, the informant, not appearing, the justice dis-
charged the defendants, whereupon the counsel for the
State gave notice of and, as he was authorized to do by
§ 5094 of the Revision, duly perfected an appeal to the
District Court.    In this latter Court there was a jury trial,
and the accused persons were acquitted.    Thereupon the
Court ordered the following:

"It appearing to the Court that the prosecution in this
case is without probable cause, ordered that judgment be
entered against Nathaniel Trenchard for the costs of this
suit."

Judgment was entered against him accordingly, in favor
of the State, for $55.15, the amount of costs expended by
and in behalf of the State.

To reverse this judgment, Trenchard prosecutes an appeal
to this Court.

*L. N. Ingalls* for appellant.

*C. C. Nourse,* Attorney-General, for the State.

DILLON, J.—I. It is first objected by the appellant, that
the District Court had no *jurisdiction* to tax the costs
against him.

The cause was properly in the District Court.    By the
appeal which the State was entitled to take (Rev., § 5094),
the District Court acquired jurisdiction.

It exercised this jurisdiction without objection being
made by the main defendants, who were put upon trial and
acquitted. . On this trial, the present appellant was a wit-

*In re* Trenchard.

ness, being for that purpose (as the bill of exceptions recites) regularly subpenaed.

The District Court entered judgment against the appellant for costs, under § 5086 of the Revision. This section is as follows: "When the defendant is acquitted the justice shall, if he is satisfied that the prosecution is malicious, or *without probable cause,* tax the costs against the prosecuting witness and render judgment therefor."

It is argued that, though the *justice* might enter such a judgment, yet that the District Court has no such power on appeal.

This view is not correct. Section 5100 of the Revision gives the District Court "full power over the case, the Justice of the Peace, his docket entries and his return, to administer the justice of the case according to the law."

The District Court tries the case anew and has, to say the least, all of the powers, on such trial, which the Justice of the Peace has.

II. It is next claimed by the appellant, that the District Court, even if it had the jurisdiction and power to enter such judgment, erred in entering the same without evidence.

The bill of exceptions recites that the Court ordered the judgment complained of "without any evidence being introduced before the Court other than the evidence on the trial" of Doggett and Skinner, on the complaint which the appellant had filed.

This action of the Court was not erroneous. It does not appear that the District Court refused to allow appellant to introduce evidence to show probable cause. He does not bring before us the evidence on which the District Court acted in taxing him with the costs. In determining whether there was or was not probable cause, the Court might well consider the evidence which was produced on the trial of the main cause, and this Court must presume that this evi-

dence, which is not before us, justified the conclusion and action of the District Court.

III. It is next claimed by the appellant, as he was "regularly subpenaed" before the justice, and also before the District Court as a witness, that he was not within the meaning of the statute "the prosecuting witness." He instituted the proceedings. He caused the complaint to be made, swore to and filed the same. He set the machinery of the law in motion out of which the costs arose. This alone would justify the Court in treating him as the prosecuting witness. All of the presumptions are in favor of the regularity and correctness of the action of the Court below; and the appellant has brought to this Court no testimony showing or tending to show that the Court erred in treating him as the prosecuting witness. The mere fact that the officer for the State caused the appellant to be subpenaed does not rebut the presumption arising from the filing and subscribing of the information, and from the finding of the District Court, that the appellant was the prosecuting witness.

Judgment affirmed.