### STATE v. KNAPF.

1. **Appeal**: FROM JUSTICE'S TO DISTRICT COURT. An appeal is allowed from a justice's court to the district court only in criminal cases.

2. ——: TO SUPREME COURT: CERTIFICTE OF JUDGE. It is only in civil cases that the supreme court is authorized to consider questions certified for its opinion by the trial judge. Code, § 3173.

3. ——: FROM JUSTICE'S COURT IN CRIMINAL CASE: TIME AND MANNER OF TAKING. There is no provision of the statute for taking an appeal from a justice's court in any criminal proceeding, except on the day and at the time judgment is rendered; and the appeal is taken by the appellant's giving notice to the justice orally that he appeals. Code, § § 4691, 4697.

*Appeal from Floyd District Court.*

FRIDAY, SEPTEMBER 21.

AN information charging E. W. Cutler with a criminal offense was filed before a justice of the peace. What the offense was the abstract fails to show.

On a preliminary examination before the justice, Cutler was discharged, and the justice found that the prosecution was malicious, and rendered judgment against the defendant, as prosecutor, for the costs. The defendant appeals.

*Wilber & Sherwin*, for appellants.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—I. This must, we think, be regarded as an appeal in a criminal action or proceeding, otherwise the district court did not have jurisdiction, for all appeals from justices of the peace in civil actions must be taken to the circuit court. Code, §§ 162, 3575.

II. The trial judge has certified that it is desirable to have the opinion of the supreme court on a certain question of law which is stated. We think this certificate must be disregarded, for it is only in civil actions that such a certificate is authorized by law. Code, § 3173.

III. The abstract states that the preliminary examination was had on the twenty-fifth day of August, 1882, and that judgment was rendered against the defendant for costs. The appeal was not taken until the ninth day of September, 1882, and the justice had no notice of the appeal until that day. On motion, the court dismissed the appeal, on the ground that no notice of the appeal was given the justice at the time the judgment was rendered.

There is some doubt whether the information was filed under chapter 12, or chapter 52, of title 25 of the Code. This, however, is immaterial, because the rule governing the appeal is the same in both cases. It is undoubtedly true that no appeal can be taken except the same is authorized and taken as provided in the statute.

Section 4254 of the Code provides that appeals may be taken in preliminary examinations from the judgments of a justice taxing the costs to the complainant, in cases where the prosecution is found to be malicious. The appeal is to be

taken as provided in section 4691 of the Code.   This section provides that the prosecuting witnesses may appeal to the district court " by there giving notice to the justice that ho claims such. appeal, and the fact of giving such notice shall be entered on his record by the justice.   If notice of appeal is given,       *       *       the justice shall without delay make out, sign and file in the case a full statement of all the testimony admitted in the trial, and on which he bases his finding that the prosecution was malicious and without probable cause.       *       *       *       * "    The "court shall have full power to compel the correction by said justice of any error *       *       *       in the statement of the testimony," etc.

The question to be determined depends upon the construction to be given to the foregoing statutes.   That is, when must notice of an appeal be given to the justice in a criminal proceeding.   The state claims it must be given to the justice at the time the judgment is rendered.   This we think is apparent when the whole statute is considered.   It is true, the statute provides that the notice shall be "there" given to the justice.   The word "there" ordinarily relates to a place instead of the time when a thing is to be done.   But we must look at the whole statute and ascertain the object in order to determine its meaning and intent.

Now, there is no provision for taking an appeal in any criminal proceeding, except on the day and at the time judgment is rendered, and the appeal is taken by giving notice orally to the justice that he appeals; and the justice is required to make an entry on his docket of such fact.   Code, § 4697.   The object and intent of section 4691 seems to be that the justice, while he has a clear recollection of the evidence upon which he based his conclusion that the prosecution was malicious, shall certify the same to the district court, to the end that such court, after having corrected the same as the facts may require, can thereon either reverse or affirm the finding of the justice.

If the appeal can be taken by giving notice to the justice

one day after the judgment is rendered, then it may be taken thirty days or longer thereafter, for there is no limit as to time, unless .the notice is required to be given to him when judgment is rendered.

It is obvious that in such cases the justice could not with any degree of certainty state on what evidence his conclusion .was based. We are of the opinion that the district court ruled correctly in dismissing the appeal.

AFFIRMED.