THE STATE v. HODGSON.

1. **Appeal:** FROM ORDER TAXING COSTS TO PROSECUTOR: TIME OF TAKING. An appeal from a judgment taxing the costs of a prosecution upon information to the prosecuting witness; on the ground that the prosecution was without probable cause, is an appeal in a criminal case, and may be taken within one year from the date of the judgment. (Code, sec. 4522, and *State v. Knapf*, 61 Iowa, 522.)

2. **Criminal Law:** INFORMATION: TAXING COSTS TO INFORMANT. Where the defendant in an information is convicted before a justice of the peace, and he appeals to the district court, the conviction is conclusive proof that there was probable cause for the information, and the district court cannot inquire into that matter and tax the costs to the informant on the ground that there was no probable cause for the information. (*In re Trenchard*, 16 Iowa, 53, *distinguished*.)

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

FILED, FEBRUARY 8, 1890.

THE defendant was arrested on information before a justice of the peace, charged with being intoxicated. The information upon which the warrant issued was filed by George Heppenstall and Levi Pilkinton. At the trial before the justice the defendant was convicted, and from a judgment he appealed to the district court, in which he was acquitted. The district court found that the prosecution was without probable cause, and taxed the costs of the proceedings in both courts to the prosecuting witnesses, and this appeal is at their instance from such judgment for costs.

*Wolf & Hanly*, for appellant

*R. G. Cousins*, for appellee.

GRANGER, J.—I. Our attention is first directed to a motion to dismiss the appeal, for the reason that it was not taken within the time prescribed by the law. The motion seems to be based on the provisions of section 3173 of the Code, which has reference to appeals in civil cases. Section 4522 is in the Code of Criminal Procedure, and provides: "No appeal can be taken until after judgment, and then only within one year thereafter." The proceeding in which the judgment appealed from was rendered was a criminal one, and the judgment is very much in the nature of a penalty. But, however that may be, the

1. APPEAL: from order taxing costs to prosecutor: time of taking.

point seems to have been before ruled, and to the effect that an appeal like this is an appeal in a criminal action. *State v. Knapf*, 61 Iowa, 522. With either view of the case as to the time the judgment was really entered, the appeal was taken within the year, and the motion to dismiss the appeal is refused.

II. In the justice's court the defendant was convicted of the crime of which he was charged, and it is

2. CRIMINAL law: information: taxing costs to informant.

urged by appellant that such fact should bar any after inquiry as to a probable cause for filing the complaint. Appellee relies upon *In re Trenchard*, 16 Iowa, 53, to justify the action of the district court in this case. In the *Trenchard case* the parties were arrested, and, because of Trenchard's failure to appear, the defendants were discharged, and the state, under a section of the Revision authorizing it, appealed, and on a jury trial in the district court the defendants were acquitted. The district court, on the ground of a want of probable cause for the prosecution, taxed the costs to the prosecuting witness. This court sustained the action, and because of some language in the opinion appellee regards it as applicable to the facts of this case. In that view we do not concur. At the first trial in this case there was a conviction which was entirely inconsistent with the fact of a want of probable cause in the institution of the proceeding. On appeal in these cases the testimony is often—in fact, in most cases—different. Witnesses die, remove beyond the reach of the process of the court, or for other causes are absent. In very many cases, where the testimony on a first hearing is abundantly sufficient to sustain a conviction, on a retrial it is entirely insufficient, so much so as on its face to evidence a want of probable cause, or even bad faith in making the complaint. It is the policy of the law to encourage the filing of just complaints, and, of course, equally its policy to discourage unjust ones. There is a seeming duty devolving on a prosecutor before a justice of the peace to aid the court, by way of information, at least,

The State v. Hodgson.

in the discovery of testimony, to the end that the facts may be established. When that is done, and there is a conviction, the public is as fully in possession of the means for vindicating the law as the prosecutor, and no such duty further devolves upon him. The public is in possession of the testimony on which a conviction has been secured. If it is thought insufficient, notwithstanding the judgment, the public, by its representative, should ask the district court on appeal to dismiss the information, and not itself prosecute, when there is no probable cause for prosecution, and then tax the costs of its own mistake or neglect to the complainant. When the public, with such information, attempts to sustain a conviction on appeal, its action is an indorsement of the complaint, and the law never intended that the further prosecution should be on any such contingency as to costs. In so far as the law contemplates a duty on the part of a private prosecutor, the appellants in this case discharged their duty, and the judgment of the justice was a vindication of their action. That was not true of the *Trenchard case.* As we read the record, he abandoned the case before the justice, and the first inquiry as to the facts, where the truth as to the probable cause could be known judicially, was in the district court. The facts of the two cases are widely different, and the language of the opinion in that case, though pertinent to the facts then before the court, should not be understood as announcing a rule to govern in a case like this. It is highly important, in weighing the statements of an opinion, to do so in the full light of the facts to which they apply. We think the judgment of conviction in justice's court is a bar to any further inquiry as to appellant's liability for costs. The judgment of the district court is        Reversed.