No. 9779.

### KNIGHT v. THE PEOPLE.

CRIMINAL LAW—*Costs*. Sec. 3877 of the Revised Statutes has no application to a trial in the County Court on appeal from a conviction before a justice of the peace. The prosecuting witness cannot be adjudged to pay the costs of the prosecution.

*Department One.*

*Error to Huerfano County Court, Hon. Joseph H. Patterson, Judge.*

Mr. A. W. MCHENDRIE and Mr. GEORGE H. BLICKHAHN, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. CHARLES ROACH, Deputy, for The People.

Mr. Justice Burke delivered the opinion of the court.

Two criminal complaints were filed in Justice Court against Louie Watta, one charging an assault and battery upon plaintiff in error, and sworn to by him; the other charging an assault and battery upon one Art Gregory, and sworn to by some person whose name is not disclosed by the record. Watta was there tried and convicted upon both charges and appealed both to the County Court, where the Gregory case was dismissed by the District Attorney. The other went to trial and the following verdict was returned. "We the jury find the defendant not guilty. With the costs of case assessed against prosecuting witness in case." Thereafter the court entered judgment against plaintiff in error for the total costs of both cases in both

courts. Plaintiff in error then appeared by counsel and moved to vacate and set aside this judgment. The motion was denied. From that ruling this writ is prosecuted and the cause is now before us on application for supersedeas. "Independently of statute the prosecutor is under no circumstances liable to pay any costs." 15 C. J., 320. "Inasmuch as the prosecutor's liability is dependent solely on statute, the payment of costs can not be imposed on him except in such proceedings or prosecutions as are designated by statute.", 15 C. J., 321.

The only statute in Colorado under which any claim to enter the judgment here in question could even be seriously argued is the following: "In all criminal prosecutions before a justice of the peace, where the party accused shall be found not guilty, and it shall appear to the justice before whom such case shall be tried that there was no reasonable ground for his prosecution, and that it was maliciously entered, in such case the justice of the peace is hereby authorized to give judgment against the complainant for the costs of said suit, and issue execution thereon." Sec. 3877, R. S. 1908. This statute has no application to a trial in the county court. Even were it otherwise it could be no justification for the judgment in the instant case. The verdict of guilty returned by the jury in the Justice Court settled the question of probable cause for the prosecution, so far as plaintiff in error is concerned, and was a vindication of his action. *State v. Hodgson,* 79 Iowa 462, 44 N. W. 708. Upon this ground the Attorney General confesses error and there can be no doubt about the propriety of that confession.

The judgment is accordingly reversed.

Garrigues, C. J. and Teller, J., concur.